# EXHIBIT 16
## PART B APPLICATION FOR FFY 2020-2021

Virginia
State

**OMB NO.  1820-0030**

**Expires:  1/31/2023**

## ANNUAL STATE APPLICATION UNDER PART B OF THE
## INDIVIDUALS WITH DISABILITIES EDUCATION ACT AS AMENDED  IN 2004
## FOR FEDERAL FISCAL YEAR 2020

**CFDA No. 84.027A and 84.173A**

**ED FORM No. 9055**

**UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF SPECIAL EDUCATION PROGRAMS**

**Washington, DC 20202-2600**

**Public Burden Statement**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless such collection displays a currently valid OMB control number. The valid OMB control number for this collection is 1820-0030. Public reporting burden for this collection of information is estimated to average 14 hours per responses, and an average of 25 additional hours for responses reporting data related to significant disproportionality in a given year, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain or retain a benefit under 20 U.S.C. 1411 and 1419. If you have comments or concerns regarding the status of your individual submission of this form, please contact Jennifer Simpson at Jennifer.Simpson@ed.gov or at the Office of Special Education and Rehabilitative Services US Department of Education, 400 Maryland Avenue SW, Washington, DC 20202.

Respondents are required to submit information for Sections I-IV of the Annual State Application in order to receive a grant under Section(s) 611 and/or 619 of the Individuals with Disabilities Education Act. Respondents are required to provide the data in Section V pursuant to IDEA section 618(a)(3), which provides the Secretary authority to collect annual data on any information that may be required by the Secretary and 34 CFR §300.647(b)(7), which requires States to report all risk ratio thresholds, minimum cell sizes, minimum n-sizes, standards for measuring reasonable progress if the State uses the "reasonable progress" flexibility in 34 CFR §300.647(d)(2), and the rationales for each, to the Department.

Virginia
State

## Section I

### A.  Submission Statement for Part B of IDEA

Please select 1 or 2 below.  Check 3 if appropriate.

__X___ 1.   The State provides assurances that it has in effect policies and procedures to meet all eligibility requirements of Part B of the Act as found in PL 108-446, the Individuals with Disabilities Education Act and applicable regulations (IDEA). The State is able to meet all assurances found in Section II.A of this Application.

_____ 2.   The State cannot provide assurances <u>for all</u> eligibility requirements of Part B of the Act as found in PL 108-446. The State has determined that <u>it is unable</u> to make the assurances that <u>are checked as 'No' in Section II.A</u>. However, the State assures that throughout the period of this grant award the State will operate consistent with all requirements of IDEA in PL 108-446 and applicable regulations. The State will make such changes to existing policies and procedures as are necessary to bring those policies and procedures into compliance with the requirements of the IDEA, as amended, as soon as possible, and not later than June 30, 2022. <u>The State has included the date by which it expects to complete necessary changes associated with assurances marked 'No'</u>.  (Refer to Assurances found in Section II.A.)

Optional:

_____ 3.   The State is submitting modifications to State policies and procedures previously submitted to the Department. These modifications are:  (1) deemed necessary by the State, for example when the State revises applicable State law or regulations; (2) required by the Secretary because there is a new interpretation of the Act or regulations by a Federal court or the State's highest court; and/or (3) because of an official finding of noncompliance with Federal law or regulations.

### B.  Conditional Approval for Current Grant Year

**If the State received conditional approval for the current grant year, check the appropriate statement(s) below:**

**1.   Conditional Approval Related to Assurances in Section II.A:**

_____ a.   Section II.A provides documentation of completion of all issues identified in the FFY 2020 conditional approval letter.

_____ b.   As noted in Section II.A, the State has not completed all issues identified in the FFY 2020 conditional approval letter.

**2.   Conditional Approval Related to Other Issues:**

_____ a.   The State previously submitted documentation of completion of all issues identified in the FFY 2020 conditional approval letter.

_____ b.   The State is attaching documentation of completion of all issues identified in the FFY 2020 conditional approval letter.  *(Attach documentation showing completion of all issues.)*

_____ c.   The State has not completed all issues identified in the FFY 2020 conditional approval letter.  *(Attach documentation showing completion of any issues and a list of items not yet completed.)*

Virginia
State

## Section II

### A.  Assurances Related to Policies and Procedures

The State makes the following assurances that it has policies and procedures in place as required by Part B of the Individuals with Disabilities Education Act.  (20 U.S.C. 1411-1419; 34 CFR §§300.100-300.174)

| Yes *(Assurance is given.)* | No *(Assurance cannot be given.  Provide date on which State will complete changes in order to provide assurance.)* *Check and enter date(s) as applicable* | Assurances Related to Policies and Procedures |
|---|---|---|
| X | | 1.  A free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled, in accordance with 20 U.S.C. 1412(a)(1); 34 CFR §§300.101-300.108. |
| X | | 2.  The State has established a goal of providing a full educational opportunity to all children with disabilities and a detailed timetable for accomplishing that goal. (20 U.S.C. 1412(a)(2); 34 CFR §§300.109-300.110) |
| X | | 3.  All children with disabilities residing in the State, including children with disabilities who are homeless or are wards of the State and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services in accordance with 20 U.S.C. 1412(a)(3); 34 CFR §300.111. |
| X | | 4.  An individualized education program, or an individualized family service plan that meets the requirements of section 636(d), is developed, reviewed, and revised for each child with a disability in accordance with 34 CFR §§300.320 through 300.324, except as provided in §§300.300(b)(3) and 300.300(b)(4).  (20 U.S.C. 1412(a)(4); 34 CFR §300.112) |
| X | | 5.  To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be |

Virginia
State

| | | | |
|---|---|---|---|
| | | | achieved satisfactorily in accordance with 20 U.S.C. 1412(a)(5)(A)-(B); 34 CFR §§300.114-300.120. |
| X | | 6. | Children with disabilities and their parents are afforded the procedural safeguards required by 34 CFR §§300.500 through 300.536 and in accordance with 20 U.S.C. 1412(a)(6); 34 CFR §300.121. |
| X | | 7. | Children with disabilities are evaluated in accordance with 34 CFR §§300.300 through 300.311. (20 U.S.C. 1412(a)(7); 34 CFR §300.122) |
| X | | 8. | Agencies in the State comply with 34 CFR §§300.610 through 300.626 (relating to the confidentiality of records and information). (20 U.S.C. 1412(a)(8); 34 CFR §300.123) |
| X | | 9. | Children participating in early intervention programs assisted under Part C, and who will participate in preschool programs assisted under this part, experience a smooth and effective transition to those preschool programs in a manner consistent with section 637(a)(9). By the third birthday of such a child, an individualized education program or, if consistent with 34 CFR §300.323(b) and section 636(d), an individualized family service plan, has been developed and is being implemented for the child. The local educational agency will participate in transition planning conferences arranged by the designated lead agency under section 635(a)(10). (20 U.S.C. 1412(a)(9); 34 CFR §300.124) |
| X | | 10. | Agencies in the State, and the SEA if applicable, comply with the requirements of 34 CFR §§300.130 through 300.148 (relating to responsibilities for children in private schools), including that to the extent consistent with the number and location of children with disabilities in the State who are enrolled by their parents in private elementary schools and secondary schools in the school district served by a local educational agency, provision is made for the participation of those children in the program assisted or carried out under this part by providing for such children special education and related services in accordance with the requirements found in 34 CFR §§300.130 through 300.148 unless the Secretary has arranged for services to those children under subsection (f) [By pass]. (20 U.S.C. 1412(a)(10); 34 CFR §§300.129-300.148) |
| X | | 11. | The State educational agency is responsible for ensuring that the requirements of Part B are met including the requirements of 34 CFR §§300.113, 300.149, 300.150 through 300.153, and 300.175 and 300.176 and that the State monitors and enforces the requirements of Part B in accordance with 34 CFR §§300.600-300.602 and 300.606-300.608. (20 U.S.C. 1412(a)(11); 34 CFR §300.149) |
| X | | 12. | The Chief Executive Officer of a State or designee of the officer shall ensure that an interagency agreement or other mechanism for interagency coordination is in effect between each public agency described in subparagraph (b) of 34 CFR §300.154 and the State educational agency, in order to ensure that all services described in paragraph (b)(1)(i) that are needed to ensure a free appropriate public education are provided, including the provision of such services during |

Virginia
State

| | | | |
|---|---|---|---|
| | | | the pendency of any dispute under §300.154(a)(3). Such agreement or mechanism shall meet the requirements found in 20 U.S.C. 1412(a)(12)(A)-(C); 34 CFR §300.154. |
| X | | 13. | The State educational agency will not make a final determination that a local educational agency is not eligible for assistance under this part without first affording that agency reasonable notice and an opportunity for a hearing.  (20 U.S.C. 1412(a)(13); 34 CFR §300.155) |
| X | | 14. | The State educational agency has established and maintains qualifications to ensure that personnel necessary to carry out this part are appropriately and adequately prepared and trained, including that those personnel have the content knowledge and skills to serve children with disabilities as noted in 20 U.S.C. 1412(a)(14)(A)-(E), as amended by the Every Student Succeeds Act; 34 CFR §300.156. |
| X | | 15. | The State has established goals for the performance of children with disabilities in the State that meet the requirements found in 20 U.S.C. 1412(a)(15)(A)-(C), as amended by the Every Student Succeeds Act; 34 CFR §300.157. |
| X | | 16. | All children with disabilities are included in all general State and districtwide assessment programs, including assessments described under section 1111 of the Elementary and Secondary Education Act of 1965, with appropriate accommodations and alternate assessments where necessary and as indicated in their respective individualized education programs as noted in 20 U.S.C. 1412(a)(16)(A)-(E); as amended by the Every Student Succeeds Act; 34 CFR §300.160. |
| X | | 17. | Funds paid to a State under this part will be expended in accordance with all the provisions of Part B including 20 U.S.C. 1412(a)(17)(A)-(C); 34 CFR §300.162. |
| X | | 18. | The State will not reduce the amount of State financial support for special education and related services for children with disabilities, or otherwise made available because of the excess costs of educating those children, below the amount of that support for the preceding fiscal year, unless a waiver is granted, in accordance with 20 U.S.C. 1412(a)(18)(A)-(D); 34 CFR §§300.163 through 300.164. |
| X | | 19. | Prior to the adoption of any policies and procedures needed to comply with this section (including any amendments to such policies and procedures), the State ensures that there are public hearings, adequate notice of the hearings, and an opportunity for comment available to the general public, including individuals with disabilities and parents of children with disabilities.  (20 U.S.C. 1412(a)(19); 34 CFR §300.165) |
| X | | 20. | In complying with 34 CFR §§300.162 and 300.163, a State may not use funds paid to it under this part to satisfy State-law mandated funding obligations to local educational agencies, including funding based on student attendance or enrollment, or inflation.  (20 U.S.C. 1412(a)(20); 34 CFR §300.166) |
| X | | 21. | The State has established and maintains an advisory panel for the purpose of providing policy guidance with respect to special education |

Virginia
State

| | | | |
|---|---|---|---|
| | | | and related services for children with disabilities in the State as found in 20 U.S.C. 1412(a)(21)(A)-(D); 34 CFR §§300.167-300.169. |
| X | | 22. | The State educational agency examines data, including data disaggregated by race and ethnicity, to determine if significant discrepancies are occurring in the rate of long-term suspensions and expulsions of children with disabilities in accordance with 20 U.S.C. 1412(a)(22)(A)-(B); 34 CFR §300.170. |
| X | | 23a. | The State adopts the National Instructional Materials Accessibility Standard for the purposes of providing instructional materials to blind persons or other persons with print disabilities, in a timely manner after the publication of the National Instructional Materials Accessibility Standard in the Federal Register in accordance with 20 U.S.C. 1412(a)(23)(A) and (D); 34 CFR §300.172. |
| | | 23b. | *(Note: Check either "23b.1" or "23b.2" whichever applies.* |
| X | | 23b.1 | The State educational agency coordinates with the National Instructional Materials Access Center and not later than 12/03/06 the SEA as part of any print instructional materials adoption process, procurement contract, or other practice or instrument used for purchase of print instructional materials enters into a written contract with the publisher of the print instructional materials to:<br><br>● require the publisher to prepare and, on or before delivery of the print instructional materials, provide to the National Instructional Materials Access Center, electronic files containing the contents of the print instructional materials using the National Instructional Materials Accessibility Standard; or<br><br>● purchase instructional materials from the publisher that are produced in, or may be rendered in, specialized formats. (20 U.S.C. 1412(a)(23)(C); 34 CFR §300.172) |
| | | 23b.2 | The State educational agency has chosen not to coordinate with the National Instructional Materials Access Center but assures that it will provide instructional materials to blind persons or other persons with print disabilities in a timely manner. (20 U.S.C. 1412(a)(23)(B); 34 CFR §300.172) |
| X | | 24. | The State has in effect, consistent with the purposes of the IDEA and with section 618(d) of the Act, policies and procedures designed to prevent the inappropriate overidentification or disproportionate representation by race and ethnicity of children as children with disabilities, including children with disabilities with a particular impairment described in 34 CFR §300.8. (20 U.S.C 1412(a)(24); 34 CFR §300.173) |
| X | | 25. | The State educational agency shall prohibit State and local educational agency personnel from requiring a child to obtain a prescription for a substance covered by the Controlled Substances Act (21 U.S.C. 812(c)) as a condition of attending school, receiving an evaluation under 34 CFR §§300.300 through 300.311, or receiving services under the IDEA as described in 20 U.S.C. 1412(a)(25)(A)-(B); 34 CFR §300.174. |

Virginia
State

Virginia
State

## B.  Other Assurances

The State also makes the following assurances:

| Yes | | Other Assurances |
|-----|---|------------------|
| X | 1. | The State shall distribute any funds the State does not reserve under 20 U.S.C. 1411(e) to local educational agencies (including public charter schools that operate as local educational agencies) in the State that have established their eligibility under section 613 for use in accordance with this part as provided for in 20 U.S.C. 1411(f)(1)-(3); 34 CFR §300.705. |
| X | 2. | The State shall provide data to the Secretary on any information that may be required by the Secretary.  (20 U.S.C. 1418(a)(3); 34 CFR §§300.640-300.645.) |
| X | 3. | The State, local educational agencies, and educational service agencies shall use fiscal control and fund accounting procedures that insure proper disbursement of and accounting for Federal funds. (34 CFR §76.702) |
| X | 4. | As applicable, the assurance in OMB Standard Form 424B (Assurances for Non-Construction Programs), relating to legal authority to apply for assistance; access to records; conflict of interest; merit systems; nondiscrimination; Hatch Act provisions; labor standards; flood insurance; environmental standards; wild and scenic river systems; historic preservation; protection of human subjects; animal welfare; lead-based paint; Single Audit Act; and general agreement to comply with all Federal laws, executive orders and regulations. |

## C.  Certifications

The State is providing the following certifications:

| Yes | | Certifications |
|-----|---|----------------|
| X | 1. | The State certifies that ED Form 80-0013, *Certification Regarding Lobbying*, is on file with the Secretary of Education. |
| | | With respect to the *Certification Regarding Lobbying,* the State recertifies that no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the making or renewal of Federal grants under this program; that the State shall complete and submit Standard Form-LLL, "Disclosure Form to Report Lobbying," when required (34 CFR Part 82, Appendix B); and that the State Agency shall  require the full certification, as set forth in 34 CFR Part 82, Appendix A, in the award documents  for all sub awards at all tiers. |
| X | 2. | The State certifies that certification in the Education Department General Administrative Regulations (EDGAR) at 34 CFR §76.104 relating to State eligibility, authority and approval to submit and carry out the provisions of its State application, and consistency of that application with State law are in place within the State. |
| X | 3. | The State certifies that the arrangements to establish responsibility for services pursuant to 20 U.S.C. 1412(a)(12)(A)-(C); 34 CFR §300.154 (or 20 U.S.C. 1412(a)(12)(A)); 34 CFR §300.154(a) are current.  This certification must be received prior to the expenditure of any funds reserved by the State under 20 U.S.C. 1411(e)(1); 34 CFR §300.171. |

Virginia
State

### D.  Statement

I certify that the State of __Virginia_____ can make the assurances checked as 'yes' in Section II.A and II.B and the certifications required in Section II.C of this application.  These provisions meet the requirements of the Part B of the Individuals with Disabilities Education Act as found in PL 108-446.  The State will operate its Part B program in accordance with all of the required assurances and certifications.

If any assurances have been checked 'no', I certify that the State will operate throughout the period of this grant award consistent with the requirements of the IDEA ,as found in PL 108-446 and any applicable regulations, and will make such changes to existing policies and procedures as are necessary to bring those policies and procedures into compliance with the requirements of the IDEA, as amended, as soon as possible, and not later than June 30, 2022.  (34 CFR § 76.104)

I, the undersigned authorized official of the


Virginia- Virginia Department of Education,

*(Name of State and official name of State agency)*


am designated by the Governor of this State to submit this application for FFY 2021 funds under Part B of the Individuals with Disabilities Education Act (IDEA).


| Printed/Typed Name of Authorized Representative of the State: |
|---|
| James F. Lane, Ed.D. Superintendent of Public Instruction |
| Title of Authorized Representative of the State: |
|  |
| Signature: |
|  |
| Date: |

Virginia
State

## Section III

## Description of Use of Funds Under Part B of the
## Individuals with Disabilities Education Act—20 U.S.C. 1411(e)(5); 34 CFR § 300.171

States must provide the Description of Use of Funds by completing and submitting the Excel Interactive Spreadsheet with the FFY 2021 Application.

Describe how the amount retained by the State educational agency under 20 U.S.C. 1411(e)(1) will be used to meet the following activities under Part B.  (20 U.S.C. 1411(e)(1)-(3), (6) and (7))  The Department annually identifies for States the maximum amounts that a State may retain under Section 1411(e)(1) and (2).[1]  The dollar amounts **listed in the Excel Interactive Spreadsheet** by the State for administration and for other State activities should add up to less or equal to the dollar amount provided to the State by the Department for each of these activities.

**Enter whole dollar amounts (do not enter cents) in appropriate cells on the State's Excel Interactive Worksheet.  The Excel Interactive Spreadsheet <u>must</u> be submitted as part of the State's application.**

> Describe the process used to get input from LEAs regarding the distribution of amounts among activities described in the Excel Interactive Spreadsheet to meet State priorities.  (20 U.S.C. 1411(e)(5)(B); 34 CFR § 300.704)

Staff members from the Virginia Department of Education engage in monthly regional face-to-face meetings with local superintendents and special education directors, in part, to get input regarding the LEA fiscal needs to meet the activities described in the Excel Interactive Spreadsheet to meet State priorities. In addition, staff members regularly attend and participate in conferences and webinars hosted by role-specific professional organizations, including, but not limited to, the Virginia Council of Administrators of Special Education (VCASE), Virginia Association of School Superintendents (VASS), Virginia Association of Secondary School Principals Inc (VASSP), and the Virginia Association of Elementary School Principals (VAESP).

**SEE ATTACHED SPREADSHEET:**

---

[1]Each State may reserve for each fiscal year not more than the maximum amount the State was eligible to reserve for State administration under this section for fiscal year 2004 or $800,000 (adjusted in accordance with 20 U.S.C. 1411(e)(1)(B)), whichever is greater; and each outlying area may reserve for each fiscal year not more than 5 percent of the amount the outlying area receives under 20 U.S.C. 1411(b)(1) for the fiscal year or $35,000, whichever is greater.

For each fiscal year beginning with fiscal year 2005, the Secretary shall cumulatively adjust: 1) the maximum amount the State was eligible to reserve for State administration under this part for fiscal year 2004; and 2) $800,000, by the rate of inflation as measured by the percentage increase, if any, from the preceding fiscal year in the Consumer Price Index For All Urban Consumers, published by the Bureau of Labor Statistics of the Department of Labor.

Virginia
State

## Section IV

## State Administration

Section 608(a) of the IDEA requires each State that receives funds under this title to:

(1) ensure that any State rules, regulations, and policies relating to this title conform to the purposes of this title;

(2) identify in writing to local educational agencies located in the State and the Secretary any such rule, regulation, or policy as a State-imposed requirement that is not required by this title and Federal regulations; and

(3) minimize the number of rules, regulations, and policies to which the local educational agencies and schools located in the State are subject under this title.

States must attach to this application a list identifying any rule, regulation, or policy that is State-imposed (not required by IDEA or Federal regulations).  If there are no such State-imposed rules, regulations, or policies, please so indicate.  In addition, the State is required to inform local educational agencies in writing of such State-imposed rules, regulations or policies.  (20 U.S.C. 1407(a); 34 CFR § 300.199)

### VIRGINIA DEPARTMENT OF EDUCATION
### Division of Special Education and Student Services

### COMPARISON OF VIRGINIA REGULATIONS AND IDEA 2004
### LISTING OF VIRGINIA-SPECIFIC REGULATIONS
### February 2010

This document compares the provisions of the *Regulations Governing Special Education Programs for Children with Disabilities in Virginia*, July 7, 2009, reissued January 25, 2010, following technical amendments to the document (Virginia Regulations) and the *Individuals with Disabilities Education Improvement Act* 2004 (IDEA) and the federal implementing regulations of October 13, 2006 and December 31, 2008.  The document identifies those areas where the Virginia Regulations exceed the federal mandates.

The purpose of this document is:
● to respond to the U.S. Department of Education's request for each State to attach to its application for Part B funds a list identifying any rule, regulation, or policy that is State-imposed (not required by IDEA or federal regulation).  This request is pursuant to 20 U.S.C. §1407; and

● to inform local educational agencies in writing of such State-imposed rules, regulations or policy.  This requirement is pursuant to 20 U.S.C. § 1407.

Copies of this document are available by contacting the Office of Dispute Resolution and Administrative Services, at 804-225-2013, or at the department's website:  http://www.doe.virginia.gov

Table:
VAC:    Virginia Administrative Code
COV:    Code of Virginia
SOQ:    Virginia's Standards of Quality
SOA:    Virginia's Standards of Accreditation
CSA:    Virginia's Comprehensive Services Act
VDHH:  Virginia Department of the Deaf and Hard-of-Hearing Regulations
FERPA:  Family Education Rights and Privacy Act

Virginia
State

**VIRGINIA DEPARTMENT OF EDUATION**
**Division of Special Education and Student Services**

**SUMMARY**

Total number of Virginia-specific requirements:  193

● New Virginia-specific provisions created in 2015          1
● New Virginia-specific provisions created in
 2009-10 Virginia Regulations: 53
● Virginia-specific provisions created in previous
Virginia Regulations and carried over in 2009-10
Virginia Regulations: 139

Provisions created by the Code of Virginia or other
Virginia regulations in the total number of Virginia-
Specific requirements:  66

Provisions created by definitions:  63

The 2001-02 Virginia Regulations contained 193 Virginia-specific requirements.  The current Virginia
Regulations, even with 53 newly created provisions, represent a consolidation of a number of areas in
order to provide a more user-friendly document while retaining the Virginia-specific requirements carried
over from previous Virginia Regulations.

For historical purposes and where possible, the following pages identify the specific year in which a
particular provision was implemented.

Virginia
State

8 VAC 20-81-10 Definitions

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Age of eligibility | COV<br>Prior Virginia Regulations | Long-standing Virginia requirement.  Initial language in COV in 1972 and subsequent Virginia Regulations.  Incorporates the COV, §22.1-213.  Specifies services to begin at age 2.  Current regulations add a statement to clarify that the student who turns 22 years of age after September 30 of the student's current school year remains eligible for the remainder of the school year. |
| Age of majority | COV<br>Prior Virginia Regulations | Created definition in the Virginia Regulations in 2001-02[2] to specify the age of majority.  Incorporates the COV, §1-13.42, specifying age 18 as the age of majority. |
| Alternate assessment | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the federal requirements. |
| Alternative assessment | New in 2009-10 Virginia Regulations | Created definition to clarify and distinguish between alternate assessment and alternative assessment; to assist in the implementation of the federal requirements allowing states to create alternative assessments. |
| Audiology | COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate the COV, §54.1-2600.  Includes provision that the services are to be provided by an audiologist licensed by the Board of Audiology and Speech-Language Pathology. |
| Behavioral intervention plan | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the IDEA regulations. |
| Calendar days | Prior Virginia Regulations | Created definition in the 1994 Virginia Regulations; expanded federal definition to assist in the implementation of the federal requirements. |
| Career and Technical education | New in 2009-10 Virginia Regulations | Created definition to comport with the Carl Perkins Act; to ensure that these options are available to students with disabilities in career and technical programs. |
| Caseload | SOQ<br>Prior  Virginia Regulations | Created definition in the 2001-02 Virginia Regulations, based on SOQ formula. |
| Change in identification | Prior Virginia Regulations | Created definition in the 1994 Virginia Regulations to assist in the implementation of federal requirements. |
| Change in placement | Prior Virginia Regulations | The current Virginia Regulations revised definition from previous Virginia Regulations (initiated in 1994); combined previous definitions to assist in the implementation of federal regulations. |
| Chapter | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the IDEA 1999 regulations and to ensure clarity. |
| Charter schools | COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to tailor IDEA regulatory term to the COV in order to provide clearer meaning in accordance with Virginia's implementation of the COV requirements. §§22.1-212.5 et seq. |
| Child | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of federal requirements. |

[2] The Virginia Regulations were issued in 2001 and then re-issued in 2002, following technical amendments to the document.

Virginia
State

| Child with a disability | SOQ Prior Virginia Regulations | Revised definition in current regulations to: include developmental delay; use "intellectual disability" instead of "mental retardation" and "emotional disability" instead of "emotional disturbance", and incorporate new wording from the 2006 federal regulations. Incorporates all categories included in Virginia's SOQ funding formula. |
|---|---|---|
| Collaboration | New in 2009-10 Virginia Regulations | Created definition to assist in the implementation of least restrictive environment for caseload and teacher assignment responsibilities. |
| Complaint | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to distinguish "complaint" under the complaints resolution procedures and "complaint" in due process hearings. |
| Comprehensive Services Act | COV Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate COV requirements regarding CSA, the source of funding for private special education placements. §2.2-5200 et seq. |
| Correctional facility | COV Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to tailor IDEA language to COV language. §16.1-228; §53.1-1. |
| Coteaching | New in 2009-10 Virginia Regulations | Created definition to assist in the implementation of least restrictive environment for caseload and teacher assignment responsibilities. |
| Counseling services | VA Teacher Licensure Regulations Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations. Current regulations expand the definition and clarify that visiting teacher may provide service in certain instances. Reflects Virginia's recognition of visiting teachers. |
| Dangerous weapon | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the IDEA and the federal regulations. |
| Developmental Delay | Prior Virginia Regulations | Definition is long-standing Virginia requirement, since 1990. IDEA 1999 regulations directed SEA to establish definition if it uses DD as a special education category. Current Virginia Regulations establish age range as 2-6. |
| Due process hearing | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to clarify difference between due process and complaints systems as dispute resolution options. |
| Education record | New in 2009-10 Virginia Regulations | Expanded the federal definition to assist in the implementation of the federal requirements. |
| Eligible student | New in 2009-10 Virginia Regulations | Created definition to clarify that students who have reached the age of majority have rights transferred to them. |
| Federal core academic subjects | New in 2009-10 Virginia Regulations | Created definition to comport with the Elementary and Secondary Education Act; to ensure that children with disabilities are not excluded in considerations related to general education programs. |
| Functional behavioral assessment | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in implementation of the IDEA regulations. Current regulations expand definition to clarify the application of independent educational evaluations (IEE). |
| General curriculum | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to clarify meaning of term in Virginia. |

Virginia
State

| Home-based instruction | SOQ<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to reflect SOQ funding and tailor IDEA regulatory terminology to Virginia. |
|---|---|---|
| Homebound instruction | SOA<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate SOA language. |
| Home instruction | COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate and clarify IDEA regulatory terminology and COV terminology. §22.1-254.1. Current definition modifies the language to assist in the implementation of the federal requirements. |
| Home tutoring | COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate and clarify IDEA regulatory terminology and COV terminology.  §22.1-254. |
| Impartial hearing officer | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the federal requirements. |
| Implementation plan | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the federal requirements. |
| Individualized family service plan | Part C/IDEA<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate and clarify language from Part C (formerly Part H). |
| Infant and toddler with a disability | Part C/IDEA<br>COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate language from Part C and COV to clarify the term.  §2.1-760. |
| Initial placement | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to clarify the term as used in the IDEA regulations. |
| Intellectual disability | Prior Virginia Regulations | Prior Virginia Regulations mirrored the federal definition of "mental retardation".  Current Virginia Regulations also mirror the federal definition but revise the term as "intellectual disability" to address alternative to "mental retardation"; reflects national consensus for this term. |
| Interpreting services | VDHH Regulations<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to provide consistent terminology across state agencies, especially with the VDHH Regulations.   Current Virginia Regulations create additional language to clarify the services provided by interpreters. |
| Level 1 and Level II services | SOQ<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to reflect SOQ formula. |
| Long-term placement | New in 2009-10 Virginia Regulations | Created definition to assist in the implementation of federal requirements. |
| Manifestation determination review | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the IDEA regulations. |
| Medical services | COV<br>Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to incorporate COV. §22.1-270.  Added nurse practitioner to definition as a service provider. |
| Notice | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to assist in the implementation of the IDEA regulations. |
| Occupational therapy | COV<br>Board of Health Professions Regulations | Created definition in the 2001-02 Virginia Regulations. Included IDEA regulatory language.  Additionally, reflected licensure requirement for OT found in COV and the Board of Health Professions regulations. |

Virginia
State

| | | |
|---|---|---|
| | Prior Virginia Regulations | §§54.1-2956; 54.1-2400.  Clarified that services may be provided under supervision of an OT. |
| Parent | **COV** **Prior Virginia Regulations** | Long-standing Virginia requirement. Includes foster parents under certain conditions. Language incorporates COV provision regarding foster parents. §§22.1-1; 16.1-283; 16.1-277.01; 16.1-277.02; 63.2-900.  Current Virginia Regulations includes 2009 COV provisions 22.1-213.1, including notice requirement to parents of children in foster care whose parental rights have not been terminated. |
| Physical therapy | COV Board of Health Professions Regulations Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to include IDEA regulatory language and clarify that services may be provided under supervision of a PT. Reflects licensure requirements for PT found in COV and Board of Health Professions regulations. §§54.1-2400; 54.1-3475. |
| Program | Prior Virginia Regulations | Long-standing Virginia requirement.  Current Virginia Regulations revise definition from previous state regulations to clarify the term. |
| Psychological services | COV Board of Health Professions Regulations Prior Virginia Regulations | Long-standing Virginia requirement, updating per IDEA regulatory language.  Additionally, reflects licensure requirements for psychologist found in COV and Board of Health Professions regulations.  §54.1-2400.  Clarifies that services may be provided under supervision of a psychologist. |
| Public notice | Prior Virginia Regulations | Long-standing Virginia requirement.  Current Virginia Regulations revise definition from previous state regulations to clarify the term. |
| Qualified person with a disability | The Rehabilitation Act Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to clarify the terminology as found in Section 504 of The Rehabilitation Act. |
| Reevaluation | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations based on USDOE analysis/comment on IDEA regulations and carried over in the current Virginia Regulations. |
| Screening | COV Prior Virginia Regulations | Long-standing Virginia requirement, since 1980. |
| Section 504 | The Rehabilitation Act Prior Virginia Regulations | Long-standing Virginia requirement to include definition based on The Rehabilitation Act of 1973, as amended. |
| Social work services | VA Teacher Licensure Regulations Prior Virginia Regulations | Long-standing Virginia requirement. Added to federal definition to include visiting teachers, a category specific to Virginia and consistent with Virginia's Teacher Licensure Regulations. |
| Special education hearing officer | New in 2009-10 Virginia Regulations | Created definition to distinguish between those individuals conducting special education due process hearings from hearing officers who conduct hearings via the Supreme Court for other state agencies.  This term more accurately describes the role of those conducting special education hearings. |

Virginia
State

| State assessment program | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to identify what portion of the assessments in Virginia are the state assessment programs under IDEA. |
|---|---|---|
| State educational agency | Prior Virginia Regulations | Long-standing Virginia requirement to specify that VDOE is the SEA. |
| State-operated program | COV Prior Virginia Regulations | Long-standing Virginia requirement.  Modified definition to incorporate COV language. §§22.1-7; 22.1-340; 22.1-345. |
| Timely manner | New in 2009-10 Virginia Regulations | Created definition specific to application of National Instructional Materials Accessibility Standard (NIMAS); to further define when materials via the NIMAS must be provided to students. |
| Transition from Part C services | Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to clarify difference between this term and secondary transition; definition based on IDEA federal 1999 Part C regulations (formerly Part H). |
| Virginia schools for the deaf and the blind | COV Prior Virginia Regulations | Created definition in the 2001-02 Virginia Regulations to implement COV. §22.1-346.  Current Virginia Regulations refer only to the Staunton School (Virginia School for the Deaf and the Blind) because of the closing of the VA School for the Deaf, the Blind, and the Multi-Disabled, Hampton. |

**8 VAC 20-81-20          Responsibilities of VDOE**

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements of SEA | Prior Virginia Regulations | Provisions in previous sets of and current Virginia Regulations modified IDEA regulatory terminology to reflect Virginia terminology (e.g., Virginia School for the Deaf and the Blind, state-operated programs). |
| State special education advisory committee annual report | Prior Virginia Regulations | Long-standing Virginia requirement for the SSEAC submitting its Annual Report to the Virginia Board of Education.  The current Virginia Regulations require the submission of the report by October 1 of each year. |

**8 VAC 20-81-30 Responsibilities of local school divisions and state-operated programs**
The following provisions are required to implement the IDEA under General Supervision.  The provisions relate to residency for the purposes of services when children are placed for educational and non-educational reasons.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Education in jails | VA Appropriation Act Prior Virginia Regulations | Long-standing Virginia requirement. 2001-02 Virginia Regulations identified responsibility for educating this population consistent with the Appropriation Act. |
| Children in foster care | COV CSA Prior Virginia Regulations | Long-standing Virginia requirement, referencing the COV and CSA funding requirements.  §22.1-101.1. |
| Children in nursing homes | VA Dept. for Medical Assistance Services Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations in response to a 1995 Office for Civil Rights (OCR) interpretation to VDOE, and included Department of Medical Assistance Services terminology for facilities. |

Virginia
State

| Children in group homes | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to apply 1995 OCR interpretation to children in group homes. |
|---|---|---|
| Children on house arrest | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to ensure that services to children with disabilities are not interrupted. |
| Children enrolled in a full-time virtual program sponsored by a school division but not residents of that division | COV | Created provision to implement 2015 COV revision clarifying responsibility for FAPE when a student is enrolled in a full-time virtual program sponsored by a Virginia school division |
| Students 18 with and w/o legal guardian | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to clarify responsibility for adult children with disabilities, consistent with Virginia requirements on legal guardianship. |
| Responsible division in the event there is a dispute about residency | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to ensure that services to children with disabilities are not interrupted. |
| Notice to parents of child in foster care | New in 2009-10 Virginia Regulations | Created provision to implement 2009 COV revision requiring notice to the biological/adoptive parents (whose parental rights have not been terminated) of a child in foster care and the foster parent's standing to serve as parent if the biological/adoptive parent is unavailable. § 22.1-213.1. |
| Children living with someone other than the biological parent | New in 2009-10 Virginia Regulations | Created provisions to ensure that services to children with disabilities are not interrupted. |
| Emancipated minors | New in 2009-10 Virginia Regulations | Created provisions to ensure that services to children with disabilities are not interrupted. |
| Validly married minors | New in 2009-10 Virginia Regulations | Created provision to ensure that services to children with disabilities are not interrupted. |
| Providing services regardless of citizenship or immigration status | New in 2009-10 Virginia Regulations | Created provisions to ensure that services to children with disabilities are not interrupted. |
| Children placed in a state-operated program as a long-term placement | New in 2009-10 Virginia Regulations | Created provisions to ensure that services to children with disabilities are not interrupted. |

**8 VAC 20-81-40 Special education staffing requirements**
Provisions required to implement IDEA under "qualified provider" requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Staffing for school aged and | SOQ | Long-standing Virginia requirement.  Established standards for grouping students and assigning teachers. |

Virginia
State

| pre-school-aged children | VA Teacher Licensure Regulations Prior VA Special Education Program Standards | Teacher assignments standards first established in 1962 and incorporated into Teacher Licensure regulations and former Special Education Program Standards regulations. |
| Staffing for jails | Prior Virginia Regulations | Created in the 2001-02 Virginia Regulations to clarify required teacher endorsements. |
| Educational interpreting services | VDHH Regulations Prior Virginia Regulations | Created in the 2001-02 Virginia Regulations to establish qualification standard, date certain for meeting standard, procedures for waivers. |

**8 VAC 20-81-50 Child find**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Public awareness | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980. Established standards relative to VDOE's obligation to create and implement a child find process. Current Virginia Regulations contain amended language. |
| Screening – hearing and vision (including timelines) | COV Prior Virginia Regulations | Long-standing Virginia requirement. Prior to 1950, COV established requirement to screen hearing and vision, charging VDOE with establishing grade levels. §§22.1-270; 22.1-273. Screening requirements for new students established in Virginia Regulations in 1980. |
| Screening – speech-language, gross and fine motor | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980. |
| Screening for scoliosis | New in 2009-10 Virginia Regulations | Created provision to comply with new COV requirement to screen for scoliosis. §22.1-273.1. |
| Confidentiality and parent notification | COV FERPA Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to include COV notification, and IDEA and FERPA confidentiality requirements. §22.1-273. |
| School-based team | New in 2009-10 Virginia Regulations | Long-standing Virginia requirements, since 1980, for LEAs to have Child Study Committees. The current Virginia Regulations revise the term to "school-based teams", maintain the same general framework as the previous regulations, and support local flexibility in determining additional procedures. |
| Timelines | Prior Virginia Regulations | Long-standing requirements relative to timelines for referrals. Current Virginia Regulations shortened timeline for submission of referrals to special education administrator/designee. |

**8 VAC 20-81-60         Referral for initial evaluation**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Referral requirements (timelines and process) | Prior Virginia Regulations | Long-standing Virginia requirements, since 1980. |

Virginia
State

| Timeline for evaluation | Prior Virginia Regulations | Long-standing Virginia requirement for parental consent as the initiation of the timeline for completing the evaluation. |
|---|---|---|
| Exceeding timeline | New in 2009-10 Virginia Regulations | Created provision to increase flexibility for local school divisions and parents; tailored the IDEA regulatory timeline exception regarding obtaining additional data to apply to all eligibility categories, rather than just specific learning disability. |

### 8 VAC 20-81-70 Evaluation and Reevaluation
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Nonstandardized assessments | New in 2009-10 Virginia Regulations | Prior 2001-02 Virginia Regulations established use of nonstandardized tests (e.g., structured observations or sampling) with conditions, based on USDOE commentary on IDEA regulations.  Current Virginia Regulations change references of "tests" to "assessments". |
| Test the hearing of each child prior to placement | COV Prior Virginia Regulations | Long-standing Virginia requirement to implement COV requirement that hearing be tested during evaluation for special education.  §22.1-214. |
| Evaluation reports shall be in writing | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to assist in the implementation of IDEA regulations. |
| Evaluation reports available to parents 2 business days before the eligibility meeting | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations in response to Board of Education decision based on parent comments to revisions of state special education regulations during 2000-01. Support for provision continued during the current revision process.  The purpose of the provision is to assist parents in being knowledgeable of the evaluation results prior to the eligibility group meeting, if the parent elects to review the report in advance of the meeting. |
| Evaluation report copy to parents within timelines | New in 2009-10 Virginia Regulations | Created provision to ensure LEAs provide parents copy of the evaluation report within reasonable time periods.  Establishes timelines for this purpose. |
| Timelines | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980, of 65-day timeline from receipt of referral to complete evaluations and determine eligibility; and completion of reevaluations.  IDEA 2004 permits SEA to have an established timeline. |
| Exceeding timeline | New in 2009-10 Virginia Regulations | Created provision to increase flexibility for local school divisions and parents; tailored the IDEA regulatory timeline exception regarding obtaining additional data to apply to all eligibility categories, rather than just specific learning disability. |

### 8 VAC 20-81-80 Eligibility
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Eligibility group | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980, establishing an eligibility team to meet the IDEA requirements.  Current Virginia Regulations expand |

Virginia
State

| | | provision to ensure implementation of the federal requirements. |
|---|---|---|
| Team work toward consensus in making decisions | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to implement USDOE interpretation in 1999 IDEA regulations that voting is inappropriate and working toward consensus ensures parental rights of participation. |
| Forwarding information to the IEP team | Prior Virginia Regulations | Long-standing Virginia requirement to clarify VDOE's responsibility under general supervision to establish process for ensuring the evaluation-eligibility information is provided the IEP team. |
| Reports by persons who do not agree with the team decision | Prior Virginia Regulations | Long-standing Virginia requirement to apply rights of students with specific learning disabilities to all students with disabilities and their parents. |
| Eligibility of 2-year olds | COV Prior Virginia Regulations | Long-standing Virginia requirement to implement the COV.  §22.1-213. |
| Eligibility of child with developmental delay | Prior Virginia Regulations | Long-standing Virginia requirement to include DD as a disability category. IDEA 1999 regulations directed SEA to establish definition and age range (up to age 9) if SEA chooses to use DD. Current Virginia Regulations establish the age range 2-6. |
| Forward relevant information for instruction to the child's teachers if the child is not found eligible. | FERPA Prior Virginia Regulations | Long-standing Virginia requirement to reflect established practice of using diagnostic information to improve instruction.  Reflects FERPA requirement regarding consent when sharing with private schools. |
| Requirements for LD eligibility applied to all disabilities | New in 2009-10Virginia Regulations | Created a provision to apply eligibility requirements for LD to all students considered for eligibility, including: group considerations; requirements for documenting the eligibility group's determination of eligibility; required members of the eligibility group; require that the eligibility group include at least one member trained in observation; and the LEA's responsibility to observe the child as part of the evaluation process. |
| Determination of eligibility | New in 2009-10 Virginia Regulations | Created a provision requiring that eligibility determination must be made on an individual basis by the eligibility group, to remind school personnel and parents that such decisions must be individualized and not based on administrative or reasons other than the child's educational needs. |
| Eligibility criteria | New in 2009-10 Virginia Regulations | Created provisions for eligibility criteria for the following disabilities:  autism, deafness, developmental delay, hearing impairment, intellectual disability, other health impairment, speech or language impairment, and visual impairment. |
| IEP team meeting following eligibility meeting after a reevaluation | New in 2009-10 Virginia Regulations | Created a provision to provide LEAs with flexibility:  if the eligibility group determines that there is no change in eligibility and educational needs, the IEP team is not required to convene, unless the parent requests it. |

**8 VAC 20-81-90Termination of special education and related services**

Virginia
State

Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Parental consent to terminate services | Prior Virginia Regulations | Long-standing Virginia requirement. Consent requirements established in 1980. |
| Terminating related service | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to specify a process that is necessary but absent in IDEA regulations; minimizes extra meeting requirements. |
| Summary of academic achievement and functional performance | New in 2009-10 Virginia Regulations | Expanded federal provision that mandates if a student graduates with a regular diploma or when the student reaches age 22, the LEA provides the summary. Current Virginia Regulations address when the summary must be provided if the student leaves prior to graduation/age 22 and returns to school. |

**8 VAC 20-81-100  Free appropriate public education**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Graduation | SOA SOQ Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to implement the SOA and SOQ requirements. Tailored IDEA regulations to Virginia, defining "regular diploma" as a "standard" or "advanced studies" diploma. |
| FAPE exception for certain incarcerated students | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to implement Virginia's decision to exclude students 18-21 not previously identified. |
| Transportation for students with disabilities | COV Prior Virginia Regulations | Long-standing Virginia requirement to comport with COV requirements. §22.1-347 C. |
| Length of school day | Prior Virginia Regulations | Long-standing Virginia requirement to ensure that school-aged students with disabilities are provided a school day comparable in length to the day provided to school-aged students without disabilities, unless their IEP specifies otherwise. |
| LEA responsibility for the provision of personal devices | New in 2009-10 Virginia Regulations | Created a provision consistent with USDOE guidance regarding an LEA not being responsible for student's personal devices, including eyeglasses or hearing aids, unless the IEP team determines that the device is necessary for the child to receive FAPE. |
| LEA responsibility for the length of a commute for a child with a disability | New in 2009-10 Virginia Regulations | Created a provision consistent with USDOE guidance regarding comparable length of commute, unless the child's IEP team determines that a longer or shorter commute is necessary for the child to receive FAPE. |
| LEA responsibility for the provision of extended school year services | New in 2009-10 Virginia Regulations | Created a provision consistent with USDOE guidance prohibiting an LEA from restricting the provision of ESY to only the summer. |
| LEA responsibility for disability harassment | New in 2009-10 Virginia Regulations | Created a provision consistent with USDOE guidance regarding LEA's responsibility to ensure measures protecting students with disabilities from disability harassment, which may result in a denial of FAPE. |

Virginia
State

| | | Virginia Regulations also require LEAs to have a policy prohibiting harassment to children with disabilities. |
|---|---|---|
| Students with disabilities and questionable immigration status | New in 2009-10 Virginia Regulations | Created a provision to ensure LEA's responsibility to provide FAPE to children with disabilities who are residing within a school division regardless of citizenship or visa status. |

**8 VAC 20-81-110 Individualized education program**

Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| LEA responsibility for IEP meetings | Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations to specify that each local school division is responsible for initiating and conducting meetings to develop, review, and revise the IEP for a child with a disability; to assist in the implementation of the federal requirements. |
| Speech-language pathologist | Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations to specify that the special education teacher on IEP team for students whose only disability is speech-language impairment is the speech-language pathologist. Ensured that qualified providers would develop the child's IEP, in accordance with Appendix A of the IDEA federal 1999 regulations. |
| IEP timeline after reevaluation | New in 2009-10 Virginia Regulations | Created a provision to clarify and provide consistency; that the 30-day timeline that applies to the development of an IEP following the initial eligibility determination also applies to the development of an IEP following a reevaluation and eligibility process, if the IEP team determines that changes are necessary. |
| Written description of development factors | Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations establishing the LEA's responsibility to provide parents with a written description of the factors (federal requirements) being considered by the IEP team in the development, review, and revision of the child's IEP; to assist in the implementation of the federal requirements. |
| Transition services – mandatory age | Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations requiring secondary transition services be addressed in an IEP beginning at age 14. |
| IEP team members | New in 2009-10 Virginia Regulations | Created a provision, in accordance with USDOE guidance, specifying that the LEA determines the school personnel to fill the roles of the required IEP team members. |
| IEP teams work toward consensus | Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations to incorporate language from Appendix A of the IDEA regulations, clarifying the importance of IEP teams working toward consensus in their determinations. |
| Costs for LEA actions to ensure parent participation | New in 2009-10 Virginia Regulations | Created a provision to clarify that if an LEA uses alternative means of ensuring parent participation in meetings resulting in additional costs, the LEA is responsible for those costs. |

Virginia
State

| IEP copy timeline | New in 2009 Virginia Regulations | Created a provision requiring the LEA provide the parent with a copy of the IEP no later than 10 days after the IEP meeting, to ensure the parent's receipt of the document in a reasonable period of time. |
| Benchmarks/short-term objectives | New in 2009-10 Virginia Regulations | Created a provision that all IEP teams document their consideration of whether the child's IEP should include short-term objectives or benchmarks regardless if the child is not a child who takes the alternate assessments aligned to alternate achievement standards. |
| Modified standard diploma provision | New in 2009-10 Virginia Regulations | Created a provision to facilitate appropriate post-secondary outcomes for a child pursuing a modified standard diploma; to ensure that the IEP team considers the child's need for occupational readiness upon school completion. |
| Modified standard diploma | SOA Prior Virginia Regulations | Created a provision in the 2001-02 Virginia Regulations, reflecting the addition of the modified standard diploma option in the SOA requirements. |
| Children with disabilities in state, regional, or local adult or juvenile correctional facilities | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations. Added language in the current Virginia Regulations that tailors IDEA regulations' flexibility to Virginia's jails. |
| Notice to parents re. transfer of rights | New in 2009-10 Virginia Regulations | Expanded the notification requirements for transfer of rights to include parents in the notification. |

**8 VAC 20-81-120          Children who transfer**

Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Failure of an LEA to provide educational records | New in 2009-10 Virginia Regulations | Created a provision specifying that if an LEA is not forthcoming in the provision of a child's educational records, VDOE may be contacted for assistance. |
| Inability to obtain an IEP | New in 2009-10 Virginia Regulations | Created a provision, consistent with USDOE guidance, specifying that if the new LEA is unable to obtain the IEP from the previous LEA or the parent, the new LEA is not required to provide the student with special education and related services. Rather, the student may be placed in a general education setting pending an evaluation, if an evaluation is necessary. |
| Interim IEP | New in 2009-10 Virginia Regulations | Created a provision specifying that an IEP team may develop an interim IEP while obtaining and reviewing the information needed to develop a new IEP. |
| Lack of parental consent | New in 2009-10 Virginia Regulations | Created a provision specifying that if a parent does not consent to a new or interim IEP, or the LEA determines that an evaluation is necessary, the LEA must provide FAPE to a child in consultation with the parent(s), including services comparable to those described in the child's IEP from the previous LEA, and dispute resolution options may be initiated, if necessary. |
| Evaluation requirements | New in 2009-10 Virginia Regulations | Created a provision specifying requirements including notice, before initiating an evaluation. |

Virginia
State

| Private residential transfer | Prior Virginia Regulations CSA | Created a provision in the 2001-02 Virginia Regulations specifying requirements when a child transfers from one LEA to another and is in a private residential school. |
|---|---|---|

**8 VAC 20-81-130**       **Least restrictive environment and placements**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Home-based and homebound services requirements | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to distinguish between home-based and homebound services. |
| Document LRE alternatives and rationale | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations requiring LEAs to document all alternatives considered and the rationale for choosing the selected placement; to assist in the implementation of federal requirements. |

**8 VAC 20-81-140**       **Placements at the Virginia schools for the deaf and the blind**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| VSDB | COV Prior Virginia Regulations | Long-standing Virginia regulations; created to clarify roles and responsibilities of school divisions and the Virginia Schools.  Reflected how the Virginia Schools are recognized in the COV §§22.1-348; 22.1-347 c.  2001-02 Virginia Regulations added requirement that a contract be established between VSDBs and LEAs placing children, to ensure that children's rights are maintained.  Current regulations deleted this provision. The current Virginia Regulations, consistent with the COV changes, deleted references to the former Virginia School for the Deaf, the Blind, and Multi-Disabled in Hampton; only school now is the Virginia School for the Deaf and the Blind in Staunton. |

**8 VAC 20-81-150**       **Private school placement**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements of the CSA, the source of funding for LEA placements | COV CSA Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that linked IDEA regulations with CSA requirements. Included language from the COV and CSA administrative requirements for funding. §2.2-5200 et seq. |
| Interstate Compact for the Placement of Children | COV Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that incorporated COV requirements.  §22.1-218.1. |
| Children who are home-instructed or home-tutored | COV Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that incorporated COV requirements to include home instructed and home tutored students with private school students placed by parents when FAPE is not at issue. §22.1-254.1. |
| Definition of private school | COV | Created provision to be consistent with the COV at §22.1-254. |

Virginia
State

| Transportation | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to clarify the LEA's responsibility to transport the student for whom the LEA is providing services. |

### 8 VAC 20-81-160          Discipline

Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Due process rights for all students | COV Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that expanded the right of children with disabilities to be provided the same rights under disciplinary actions as children without disabilities by assuring that all the due process protections of the COV §22.1-214 are included. |
| Isolated short-term suspensions for unrelated instances of misconduct  not equating to a pattern and therefore, not a change in placement | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that incorporated USDOE guidance and analysis/comment on the IDEA federal 1999 regulations; clarifying that isolated short-term suspensions that do not equate to a pattern are not a change in placement. |
| Referral to and action by law enforcement and judicial authorities | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that added language to the IDEA regulatory requirement; that referral is made consistently for children with disabilities and children without disabilities. |
| Transmission of records | COV FERPA Virginia Management of Student Scholastic Record Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that incorporated COV, FERPA, and IDEA regulations. §§22.1-16; 22.1-287.1; 22.1-288.2; 22.1-289. |

### 8 VAC 20-81-170          Procedural safeguards

Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Parental consent required for change in identification, revisions to IEP; partial or complete termination of services; provide services to transfer students | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980. Historically, strong support throughout previous and current public comment periods for inclusion of these parent consent requirements. |
| Parental consent to release student information to public and private | FERPA Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations that expanded the IDEA regulatory requirement to include FERPA compliance. |

Virginia
State

| | | insurance companies |
|---|---|---|
| Parental consent not required for teacher's or related service provider's observations or classroom evaluations | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to incorporate USDOE guidance on issue, clarifying an instance when parental consent is not required. |
| Confidentiality provisions | Prior Virginia Regulations | Language was in the 1980 Virginia Regulations; deleted in 1990. Reinserted provision in the 2001-02 Virginia regulations to implement the IDEA regulations.  Current Virginia Regulations expanded language to include clarification regarding parent access rights. |
| Parental notice requirement | New in 2009-10 Virginia Regulations | Created provision to clarify that the school division is required to "take whatever action is necessary" to ensure parental comprehension and ability to participate.  This puts higher burden on school division than the federal standard requiring "reasonable effort". |
| Procedural safeguards notice on web site | New in 2009-10 Virginia Regulations | Created a provision to clarify the federal requirement that allows school division to put copy of procedural safeguards notice on its internet web site, but notes that obligation to provide parents with copy of PSN is not satisfied by merely directing parent to the web site; LEA must provide hard copy of PSN to parent. |
| Parental consent not required for initial evaluation of ward of state | New in 2009-10 Virginia Regulations | Expanded federal regulatory language to clarify what actions school divisions must take to locate parents and determine their rights. |
| FERPA hearings | New in 2009-10 Virginia Regulations | Created provision to allow school divisions to develop local procedures for hearings under FERPA where the parent disagrees with a school division's refusal to amend the child's educational record. |
| Electronic signature | COV New in 2009-10 Virginia Regulations | Created provision to establish legal effect and enforceability of electronic signatures, consistent with federal guidance. |
| Audio and video recordings | Prior Virginia Regulations | Created provision in 2001-02 Virginia Regulations. Current Virginia Regulations expanded language to clarify procedures for recording of eligibility, IEP team meetings, including for the purpose of manifestation determination.  Authorizes school divisions to establish polices and procedures regarding such recordings. Also authorizes school divisions to establish policies, if certain criteria are met, that prohibit, limit, or otherwise regulate the use of video recording devices at IEP meetings, or audio or video recording devices at meetings other than the meetings identified above. |

**8 VAC 20-81-180        Transfer of rights to students who reach the age of majority**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|

| Transfer rights | COV<br>Prior Virginia<br>Regulations | Created provision in the 2001-02 Virginia Regulations to incorporate COV and IDEA regulations; specified that rights transfer at age 18. §1-13.42. |
| Standard for determining a representative for the student | Prior Virginia Regulations | Established standard in the 2001-02 Virginia Regulations. IDEA 1999 regulations allowed States to provide a vehicle for an educational representative to be determined without going to court or using a power of attorney. |

**8 VAC 20-81-190        Mediation**
No Virginia-specific requirements

**8 VAC 20-81-200        Complaint resolution procedures**
In accordance with the IDEA federal 2006 regulations, at § 300.151 *et. seq*, and the SEA's general supervision responsibility, VDOE has procedures for resolving complaints.  All of the procedures comport with the federal regulations and contain no Virginia-specific provisions that exceed the federal requirements.

**8 VAC 20-81-210        Due process hearing**
The Virginia Regulations mandate the following provisions to fulfill the SEA's responsibility to establish and manage a due process hearing system:
●   procedures for managing and monitoring of the hearing system, including:  qualifications of special education hearing officers; training requirements; evaluation of hearing officers; process wherein parties may object to a hearing officer's appointment.
●   procedures for hearing officer's management of hearing, including prehearing activities.
●   procedures related to VDOE's responsibility to ensure that noncompliance findings are corrected not more than one year from identification, and LEAs must provide upon VDOE's request, documentation that any areas of noncompliance have been corrected.
●   provisions that detail the responsibilities of the parties and the hearing officer.
●   provisions related to the costs of the hearing.

Additional provisions that are specific to Virginia:

| Provision | Source of Requirement | Discussion |
| --- | --- | --- |
| Administration of oath | COV<br>New in 2009-10<br>Virginia Regulations | Created provision to comply with the 2008 COV requirement that an oath is administered to witnesses testifying at a due process hearing; that all witnesses testify under oath or affirmation. |
| Appeal to State Circuit Court | COV<br>New in 2009-10<br>Virginia Regulations | Created provision to comply with the 2009 COV requirement that the timeline for appealing due process decisions to state court is 180 days. § 22.1-214 B. |

**8 VAC 20-81-220        Surrogate parent procedures**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
| --- | --- | --- |
| Role of foster parent | Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to implement and clarify the IDEA regulatory option for recognizing foster parents, as well as provide more local flexibility to the school divisions to ensure that the child's rights are protected without delay. |

| | | |
|---|---|---|
| Surrogate parents appointment | COV Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to incorporate the COV and IDEA regulations.  §§16.1-283; 277.01-02. |
| Procedures for identification and recruitment of surrogate parents, including qualifications | Prior Virginia Regulations | Long-standing Virginia provision; established as part of the SEA's general supervision responsibility.  Current Virginia Regulations deleted previous requirement that individuals being considered for surrogate appointment must reside in the LEA appointing the surrogate. |
| LEA procedures for the appointment of surrogate parents and the provision of their services | Prior Virginia Regulations | Long-standing Virginia provision; established as part of the SEA's general supervision responsibility. |

**8 VAC 20-81-230        Local educational agency administration and governance**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements for submission of Annual Plans to VDOE for approval | COV Prior Virginia Regulations | Long-standing Virginia requirement, since 1980, to ensure that LEAs conform to IDEA; part of the SEA's general supervision responsibilities.  COV §22.1-215. |
| Local Advisory Committee | Prior Virginia Regulations | Long-standing Virginia requirement, since 1980. |
| Responsibilities of LAC | Prior Virginia Regulations | Long-standing Virginia requirements, since 1980. |
| Added person with disabilities to LAC membership | Prior Virginia Regulations | Required member in 1980 Virginia Regulations; deleted in 1985; reinserted in the 2001-02 Virginia Regulations. This provision is consistent with the requirements for the SSEAC composition. |
| Added teacher to LAC membership | New in 2009-10 Virginia Regulations | Created provision in response to public comment during the 2006-2009 regulation revision process. |
| Regional special education programs | VA Appropriations Act Prior Virginia Regulations | Long-standing Virginia requirement.  Regional programs first established in 1984 Virginia Regulations. |
| Programs in jails | VA Appropriations Act Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to meet IDEA requirements for this student population; to clarify VDOE's and LEAs' responsibilities. |
| Part B eligibility | New in 2009-10 Virginia Regulations | Created provision to clarify that Part B eligibility applies to some 2 year olds. |

**8 VAC 20-81-240        Eligibility for funding**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements for VA educational agencies | Prior Virginia regulations | Created provisions in the 2001-02 Virginia Regulations to tailor IDEA regulations to VA terminology and responsibilities. |

**8 VAC 20-81-250        State funds for local school divisions**
Provisions required to implement IDEA under general supervision requirements.

Virginia
State

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements associated with ADM, transportation, regional special education, jails, CSA and foster care funding for LEAs | COV VA Appropriations Act CSA Administrative Requirements Prior Virginia Regulations | Long-standing requirements to ensure VDOE meets general supervision responsibilities under IDEA. §22.1-211. |

**8 VAC 20-81-260        Federal Funds**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements | COV Prior Virginia Regulations | Long-standing requirements to tailor IDEA regulations to VA educational agencies. |

**8 VAC 20-81-270        Funds to assist with the education of children with disabilities in state-operated programs**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements | COV VA Appropriations Act Prior Virginia Regulations | Long-standing Virginia requirement, since 1980.  COV §22.1-7. |

**8 VAC 20-81-280        Funding, withholding, and recovery of funds**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements | COV Prior Virginia Regulations | Long-standing requirements, to provide procedures for VDOE to withhold state and federal funding when a locality fails to establish and provide a system of free appropriate public education to children with disabilities, and use the funding to provide services.  §22.1-214 E. |

**8 VAC 20-81-290        Appeal of administrative decision regarding funding**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements | Education Division General Administrative Regulations (EDGAR) Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to create an appeal mechanism in concert with the EDGAR provisions. |

**8 VAC 20-81-300        Use of public and private insurance**
Provisions required to implement IDEA under general supervision requirements.

Virginia
State

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements | EDGAR Prior Virginia Regulations | Created provision in the 2001-02 Virginia Regulations to tailor IDEA regulatory requirements to VA educational agencies, to ensure compliance with EDGAR. |

**8 VAC 20-81-310         Attorneys' fees**
No Virginia-specific requirements

**8 VAC 20-81-320         Additional responsibilities of state boards, agencies, and institutions**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Requirements for State-operated programs | COV Prior Virginia Regulations | Long-standing Virginia requirements to incorporate the COV and ensure VDOE's general supervision responsibilities under IDEA.  §§22.1-7; 22.1-340; 22.1-347-8; 22.1-289; 16.1-293. |
| Caseloads | VA Appropriations Act Prior Virginia Regulations | Long-standing Virginia requirements to incorporate Appropriations Act requirements, and ensure SOP compliance with VDOE's requirements. |

**8 VAC 20-81-330         Compliance with §504 of the Rehabilitation Act**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Compliance requirements | Prior Virginia Regulations | Long-standing Virginia requirement, since 1990, to clarify the obligations of the State-operated programs and the Virginia Schools in complying with VDOE's state 504 Plan. |
| Due process | New in 2009-10 Virginia Regulations Section 504 of the Rehabilitation Act, 1973, as amended | Amplified the provision established in the 2001-02 Virginia Regulations to clarify the LEAs' responsibilities in resolving 504 disputes. |

**Appendix A.         Caseload maximums**
Provisions required to implement IDEA under general supervision requirements.

| Provision | Source of Requirement | Discussion |
|---|---|---|
| Caseloads | SOQ VA Appropriations Act Prior Virginia Regulations [Special Education Program Standards] | Long-standing Virginia requirements to define case loads as funded by the SOQ formula in the VA Appropriations Act.  Previously these requirements were in the Special Education Program Standards. |

Virginia
State

## Section V

### A.  Maintenance of State Financial Support

Pursuant to the authority established in IDEA section 618(a)(3), each applicant for funds under section 611 must provide the following State fiscal data with a certification of its accuracy by the State budget office or an authorized representative thereof.  Amounts should be shown in whole dollars and are for the State fiscal year (SFY). States may meet the maintenance of State financial support (MFS) requirement in IDEA section 612(a)(18) and 34 CFR § 300.163 on either a total or per capita basis. In order to complete Section V.A of the Application, States must provide in whole dollars the total amount of State financial support made available for special education and related services for children with disabilities during SFYs 2019 and 2020. However, if a State met the MFS requirement on a per capita basis, it **must** complete the first chart and then may also complete the second chart by providing, in whole dollars, the amount of State financial support made available for special education and related services per child with a disability during SFYs 2019 and 2020.

**Total Amount of State Financial Support Made Available for Special Education and Related Services for Children with Disabilities**

| | |
|---|---|
| **SFY 2019** | $681,142,765 |
| **SFY 2020** | $690,500,892 |

**Per capita amount of State Financial Support Made Available for Special Education and Related Services for Children with Disabilities**

| | |
|---|---|
| **SFY 2019** | $3,857.33 |
| **SFY 2020** | $4,115.29 |

Kent Dickey – Deputy Superintendent, Division of Budget, Finance and Operations
 State Budget Officer or Authorized Representative (Printed Name)

Signature of State Budget Officer or Authorized Representative                    Date

Virginia
State

### B. Significant Disproportionality[3]

In accordance with 34 CFR § 300.647(b)(7), each State must report all risk ratio thresholds, minimum cell sizes, minimum n-sizes, standards for measuring reasonable progress if the State uses the "reasonable progress" flexibility in 34 CFR § 300.647(d)(2), and the rationales for each, to the Department.  Under § 300.647(b)(7), rationales for minimum cell sizes that exceed 10 and minimum n-sizes that exceed 30 must include a detailed explanation of why the numbers chosen are reasonable and how they ensure that the State is appropriately analyzing and identifying LEAs with significant disproportionality based on race and ethnicity, in the identification, placement, or discipline of children with disabilities. Additionally, pursuant to the authority established in IDEA section 618(a)(3), each applicant must also provide the number of years of data it uses in making annual determinations of significant disproportionality. Each applicant must provide this information by completing and submitting the Significant Disproportionality Reporting Form.

All States completed and submitted the **Significant Disproportionality Reporting** Form with their FFY 2020 IDEA Part B application. After the initial submission of the Form, a State will only be required to submit the Form with any future annual IDEA Part B State applications if the State modifies its risk ratio thresholds, minimum cell sizes, minimum n-sizes, standards for measuring reasonable progress, and rationales for each, or the number of years of data used in making annual determinations of significant disproportionality.

If your State has revised its Significant Disproportionality procedures or has any questions regarding Section V. B. of the grant application, please contact your OSEP State Lead before the Application due date.

---

[3] This collection is not intended to replace or duplicate the information collected through the Significant Disproportionality State Survey (Docket No. ED–2019–ICCD–0065; 1820-NEW). That survey will collect information that the Department will use to support States and LEAs in their efforts to comply with the statutory requirement at section 618(d) of the IDEA.